An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-320

NORTH CAROLINA COURT OF APPEALS

Filed:  7 October 2014

STATE OF NORTH CAROLINA

v.

BRIAN MONTREAL PICKENS

Buncombe County
Nos. 12 CRS 61206-07
          12 CRS 61251
          12 CRS 701
          13 CRS 382

Appeal by defendant from judgments entered 26 September 2013 by Judge Alan Z. Thornburg in Buncombe County Superior Court.[1]  Heard in the Court of Appeals 25 August 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Ann W. Matthews, for the State.*

*Don Willey, for defendant-appellant.*

CALABRIA, Judge.

Brian Montreal Pickens ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of misdemeanor breaking or entering; felonious larceny; assault on a law enforcement officer; resisting, delaying or obstructing a public

---

[1] An amended judgment correcting clerical errors was signed by Judge J. Thomas Davis on 17 February 2014.

officer; failure to appear on a felony charge; and attaining the status of habitual felon. We find no error.

At approximately 7:00 a.m. on 28 September 2012, defendant, Gregory Clinkscales ("Clinkscales") and Melissa Balken ("Balken") entered an unoccupied home in Asheville, North Carolina for the purpose of removing metal items that could be sold to a scrap metal dealer. Defendant and Clinkscales were loading an item from the house into Clinkscales' vehicle when Officers Rosa Perez-Schupp ("Officer Perez-Schupp") and Brenniman (collectively "the officers") of the Asheville Police Department ("APD") separately arrived at the home. When confronted by the officers, defendant, Clinkscales, and Balken falsely stated that the home belonged to Clinkscales' aunt and that they had her permission to enter the residence. In addition, defendant provided a false name to Officer Perez-Schupp when she asked him to identify himself. The officers were able to determine that the home belonged to Barbara Hunter ("Mrs. Hunter"), whose grandson, Ervin Hunter ("Officer Hunter"), was an APD officer.

Officer Hunter, who was off-duty, received a call from an APD communicator alerting him to a possible breaking and entering at his grandmother's house. When he arrived at the

scene, he saw the three intruders in handcuffs. Officer Hunter recognized defendant and knew that defendant had several outstanding arrest warrants issued against him. Officer Hunter disputed that the individuals had permission to enter the home and directed the other officers to arrest them. As Officer Perez-Schupp attempted to secure handcuffs on defendant's right hand, defendant tugged away, swung his fist at her, and attempted to flee on foot. Officer Hunter chased defendant and subdued him.

Defendant was subsequently charged with felony breaking or entering, felony larceny, assault on a law enforcement officer, resisting, delaying or obstructing a public officer, and attaining the status of habitual felon. Beginning 23 September 2013, defendant was tried by a jury in Buncombe County Superior Court. Defendant failed to appear at the trial on 24 September 2013, and as a result, a warrant was issued for his arrest. The trial continued in defendant's absence. During trial, Officer Hunter testified without objection that he knew that defendant had several outstanding warrants for failure to appear and that he knew that defendant had a reputation of "being violent and running."

On 25 September 2013, the jury returned verdicts finding defendant guilty of felonious larceny, the lesser included offense of misdemeanor breaking or entering, assault on a law enforcement officer, RDO, and attaining the status of an habitual felon. Defendant was located, arrested, and brought before the court for sentencing on 26 September 2013. Defendant pled guilty to the charges of felony failure to appear and attaining the status of an habitual felon. For the offenses based upon jury verdicts, the trial court sentenced defendant to a minimum of 97 months to a maximum of 129 months in the North Carolina Division of Adult Correction ("DAC"). For the felony failure to appear, the trial court sentenced defendant as an habitual felon to a minimum of 38 months to a maximum of 58 months in the DAC, which was to be served concurrently with his other sentences. Defendant appeals.

Defendant's sole issue on appeal is that the trial court committed plain error by admitting the testimony of Officer Hunter regarding his knowledge of the outstanding warrants on defendant and defendant's history of violence and flight. Defendant contends that this testimony was not relevant or admissible under N.C. Gen. Stat. § 8C-1, Rule 404(b), and even if relevant and admissible, it should have been excluded

pursuant to N.C. Gen. Stat. § 8C-1, Rule 403 because its probative value was substantially outweighed by its potential for unfair prejudice and confusion of the issues. We disagree.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal quotations and citations omitted).

In the instant case, there was significant evidence of defendant's guilt. Defendant did not deny removing materials from Mrs. Hunter's home, and the testimony of Balken and Officer Hunter established that defendant did not have permission to remove these materials. Additionally, the testimony of Officers Hunter and Perez-Schupp clearly established that defendant provided a false name to law enforcement and that he assaulted Officer Perez-Schupp in an attempt to evade arrest. In light of this evidence, defendant has failed to meet his burden of establishing that the trial court's alleged error had a probable

impact upon the jury's verdict. Accordingly, this argument is overruled.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).